IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40871
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE MEDINA-MAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-309-1
--------------------
April 4, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Felipe Medina-Mar appeals his jury convictions for conspiracy to possess with intent to distribute marijuana and four counts of aiding and abetting possession with intent to distribute marijuana. He argues that the evidence was insufficient to support his convictions and that the district court should not have considered the testimony of the witnesses who were cooperating with the Government in exchange for more lenient sentences. As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has been chosen to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cooperate with the Government in exchange for nonprosecution or leniency, may be constitutionally sufficient evidence to convict. United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997). A review of the record shows a rational trier of fact could have found beyond a reasonable doubt that Medina-Mar conspired to possess with the intent to distribute marijuana and cocaine and that he aided and abetted the possession of at least four shipments of marijuana with intent to distribute.  See United States v. Delagarza-Villarreal, 141 F.3d 133, 140 (5th Cir. 1997); United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Medina-Mar raises numerous allegations of ineffective assistance of counsel.  Because Medina-Mar did not raise these claims in the district court and the record is not adequately developed, we decline to consider Medina-Mar's claims at this time. Medina-Mar may raise his ineffective assistance claims in an appropriate proceeding under 28 U.S.C. § 2255.  See United States v. Thomas, 12 F.3d 1350, 1368 (5th Cir. 1994).

AFFIRMED.